UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERSON PEREZ, AUGUSTINE HERNANDEZ, ALFREDO HERNANDEZ, JOSE HERNANDEZ, RAFAEL GUTIERREZ, and FREDDIE GUTIERREZ, <br><br> Plaintiff, <br><br> - against - <br><br> DE DOMENICO PIZZA & RESTAURANT, INC., JOSEPH DE DOMENICO, DOMINIC DE DOMENICO, JERRY "DOE", and LARRY "DOE", <br><br> Defendants. | COMPLAINT <br><br> CASE NO.: <br><br> JURY TRIAL DEMANDED |

Plaintiffs, **GERSON PEREZ, AUGUSTINE HERNANDEZ, ALFREDO HERNANDEZ, JOSE HERNANDEZ, RAFAEL GUTIERREZ,** and **FREDDIE GUTIERREZ** (collectively "Plaintiffs"), by and through their attorneys, **ZABELL & ASSOCIATES, P.C.**, complain and allege as follows:

## I.   PRELIMINARY STATEMENT

1. Plaintiffs bring this action on behalf of themselves and all similarly situated employees and/or former employees seeking monetary damages, declaratory relief, and affirmative relief based upon Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.; New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, et seq.; New York State Department of Labor Regulations ("NYDOL Regs"), N.Y.C.R.R. § 142-2.2, common law, and other appropriate rules, regulations, statutes and ordinances.

1

2. Plaintiffs allege pursuant to the FLSA and NYLL, that they are entitled to recovery for themselves, and on behalf of all similarly situated employees, from Defendants (1) statutory overtime for all hours worked in excess of forty (40) hours per week; (2) spread of hours pay for days worked in excess of ten (10) hours per day; (3) any and all relief due and owing to Plaintiffs for Defendants' failure to provide proper meal periods; (4) interest on all compensation Defendants withheld; (5) an award of $2,500.00; the maximum penalty for violations of NYLL § 195; (6) liquidated damages; and (7) attorneys' fees and costs.

3. Plaintiffs further allege that they are entitled to recover for themselves, and on behalf of all similarly situated employees, from Defendants for unlawful conversion of monies rightfully due and owing Plaintiffs, and in the alternative, unjust enrichment and *quantum meruit*.

## II. JURISDICTION AND VENUE

4. This Court maintains jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1367.

5. This Court maintains jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367 and other appropriate rules, regulations, statutes and ordinances.

6. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct alleged herein occurred within the State of New York, County of Nassau and County of Suffolk.

7. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## III. PARTIES

8. Plaintiff, **GERSON PEREZ**, was at all times relevant herein, a domiciliary of the State of New York, presently residing in Freeport, New York.

9. Plaintiff, **AUGUSTINE HERNANDEZ**, was at all times relevant herein, a domiciliary of the State of New York, presently residing in Copiague, New York.

10. Plaintiff, **ALFREDO HERNANDEZ**, was at all times relevant herein, a domiciliary of the State of New York, presently residing in Freeport, New York.

11. Plaintiff, **JOSE HERNANDEZ**, was at all times relevant herein, a domiciliary of the State of New York, presently residing in Freeport, New York.

12. Plaintiff, **RAFAEL GUTIERREZ**, was at all times relevant herein, a domiciliary of the State of New York, presently residing in Freeport, New York.

13. Plaintiff, **FREDDIE GUTIERREZ**, was at all times relevant herein, a domiciliary of the State of New York, presently residing in Baldwin, New York

14. At all times relevant to the Complaint, each Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Section 190(2) of the NYLL, N.Y. Lab. Law § 190(2).

15. Upon information and belief, Defendant **DE DOMENICO PIZZA & RESTAURANT, INC.** is a domestic business corporation d/b/a/ Raimo's Pizza and Restaurant operating in two locations: (1) 187-A West Merrick Road, Freeport, New York 11520 ("Freeport location"); and (2) 45 Merrick Road, Amityville, New York 11701 ("Amityville location").

16. Upon information and belief, Defendant **JOSEPH DE DOMENICO** was owner, or part owner and principal of De Domenico Pizza & Restaurant, Inc. and (1) had the power to

hire and fire employees; (2) supervised and controlled employee work schedules and the work environment; (3) determined the rate and method of payment of employees; and (4) maintained employment records for all the related entities.

17. Upon information and belief, Defendant **DOMINIC DE DOMENICO** was owner, or part owner and principal of De Domenico Pizza & Restaurant, Inc. and (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules and the work environment; (3) determined the rate and method of payment of employees; and (4) maintained employment records for all the related entities.

18. Upon information and belief, Defendants Joseph De Domenico and Dominic De Domenico sold Defendant De Domenico Pizza & Restaurant, Inc. to Defendants Jerry LNU and Larry LNU in or about September 2014.

19. Upon information and belief, Defendant **JERRY "DOE"**[1] is owner, or part owner and principal of De Domenico Pizza & Restaurant, Inc. from in or about September 2014 and (1) has the power to hire and fire employees; (2) supervises and controls employee work schedules and the work environment; (3) determines the rate and method of payment of employees; and (4) maintains employment records for all the related entities.

20. Upon information and belief, Defendant **LARRY "DOE"** is owner, or part owner and principal of De Domenico Pizza & Restaurant, Inc. from in or about September 2014 and (1) has the power to hire and fire employees; (2) supervises and controls employee work schedules and the work environment; (3) determines the rate and method of payment of employees; and (4) maintains employment records for all the related entities.

---

[1] To date and despite diligent efforts, Plaintiffs have thus far been unable to ascertain the last names of the present owners of the corporate Defendant. Once such information becomes available, Plaintiffs' will seek permission to amend their pleading.

21. At all times relevant to the Complaint, each Defendant acted as an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 190(3) of the NYLL, N.Y. Lab. Law § 190(3).

22. Upon information and belief, at all times relevant herein, each Defendant was an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. §§ 203(r)(1) and (r)(2), due to their operation of restaurants/pizzerias.

23. Upon information and belief, at all times relevant herein, Defendants employed more than two (2) employees engaged in interstate commerce and had a gross annual dollar volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) due to their operation of restaurants/pizzerias.

24. Upon information and belief, at all times relevant to the Complaint, Defendants employed more than two (2) employees engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in connection with their operation of restaurants/pizzerias.

25. Upon information and belief, at all times relevant to the Complaint, Defendants employed employees, including Plaintiff, who regularly were and are presently engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i) and (j) in connection with their operation of restaurants/pizzerias.

## IV.   FACTS

26. Plaintiffs repeat and reallege each and every allegation contained herein.

Plaintiff Gerson Perez

27. Plaintiff Gerson Perez was hired by Defendants in or about 2002 as a "cook."  Plaintiff Gerson Perez works at Defendants' Freeport and Amityville locations.

28. Plaintiff Gerson Perez regularly works Monday through Thursday from 10:00 a.m. to 10:00 p.m. and Friday and Saturday from 10:00 a.m. to 11:00 p.m.

29. Defendants provide Plaintiff Gerson Perez with a single one (1) hour lunch break.

30. Defendants routinely hold Plaintiff Gerson Perez after his scheduled shift without compensation.

31. Therefore, Plaintiff Gerson Perez works at least, 68 hours per week.

32. Defendants pay Plaintiff Gerson Perez a flat rate of $715 per week in cash regardless of hours worked.

Plaintiff Augustine Hernandez

33. Plaintiff Augustine Hernandez was hired by Defendants in or about May 2010 as a "cook."  Plaintiff Augustine Hernandez works at Defendants' Amityville location.

34. Plaintiff Augustine Hernandez regularly works Monday through Thursday from 10:30 a.m. to 10:00 p.m. and Friday and Saturday from 10:30 a.m. to 11:00 p.m.

35. Defendants provide Plaintiff Augustine Hernandez with a single one (1) hour lunch break.

36. Defendants routinely hold Plaintiff Augustine Hernandez after his scheduled shift without compensation.

37. Therefore, Plaintiff Augustine Hernandez works at least, 65 hours per week.

38. Defendants pay Plaintiff Augustine Hernandez a flat rate of $900 per week, with a check between $250 and $297, which represents compensation for his first 30 hours of work, and the remaining $600 in cash.

Plaintiff Alfredo Hernandez

39. Plaintiff Alfredo Hernandez was hired by Defendants in or about May 2010 as a "cook." Plaintiff Alfredo Hernandez works at Defendants' Amityville location.

40. Plaintiff Alfredo Hernandez regularly works Monday through Thursday from 10:00 a.m. to 10:00 p.m. and Friday and Saturday from 10:00 a.m. to 11:00 p.m.

41. Defendants provide Plaintiff Alfredo Hernandez with a single one (1) hour lunch break.

42. Defendants routinely hold Plaintiff Alfredo Hernandez after his scheduled shift without compensation.

43. Therefore, Plaintiff Alfredo Hernandez works at least, 68 hours per week.

44. During Plaintiff Alfredo Hernandez first two and a half (2.5) years of employment, Defendants pay him a flat rate of $525 per week in cash. Subsequently, Defendants pay Plaintiff Alfredo Hernandez a flat rate of $600 in cash per week.

Plaintiff Jose Hernandez

45. Plaintiff Jose Hernandez was hired by Defendants in or about 2001 as a "kitchen worker" and "food preparer." Plaintiff Jose Hernandez works at both Defendants' Freeport and Amityville locations.

46. Plaintiff Jose Hernandez regularly works Monday through Thursday from 10:00 a.m. to 10:00 p.m. and Friday and Saturday from 10:00 a.m. to 11:00 p.m.

47. Defendants provide Plaintiff Jose Hernandez with a single one (1) hour lunch break.

48. Defendants routinely held Plaintiff Jose Hernandez after his scheduled shift without

7

compensation.

49. Therefore, Plaintiff Jose Hernandez worked at least, 68 hours per week.

50. Currently, Defendants pay Plaintiff Jose Hernandez a flat rate of $580 per week in cash.

Plaintiff Rafael Gutierrez

51. Plaintiff Rafael Gutierrez was hired by Defendants in or about October 2010 as a "kitchen worker" and "food preparer." Plaintiff Rafael Hernandez works at Defendants' Amityville location.

52. Plaintiff Rafael Gutierrez regularly worked Monday through Wednesday and Friday through Sunday from 10:00 a.m. to 10:00 p.m.

53. Defendants provided Plaintiff Rafael Gutierrez with a single one (1) hour lunch break.

54. Defendants routinely held Plaintiff Rafael Gutierrez after his scheduled shift without compensation.

55. Therefore, Plaintiff Rafael Gutierrez worked at least, 66 hours per week.

56. Defendants paid Plaintiff Rafael Hernandez a flat rate of $510 per week in cash.

Plaintiff Freddie Gutierrez

57. Plaintiff Freddie Gutierrez was hired by Defendants in or about May 2013 as a "dish washer" and "food preparer." Plaintiff Freddie Gutierrez works at Defendants' Amityville location.

58. Plaintiff Freddie Gutierrez regularly worked Wednesday through Sunday from 10:00 a.m. to 10:00 p.m.

59. Defendants provided Plaintiff Freddie Gutierrez with a single one (1) hour lunch break.

60. Defendants routinely held Plaintiff Freddie Gutierrez after his scheduled shift without compensation.

61. Therefore, Plaintiff Freddie Gutierrez works at least, 55 hours per week.

62. Defendants pay Plaintiff Freddie Gutierrez a flat rate of $450 per week in cash.

All Plaintiffs

63. At all relevant times herein, Plaintiffs performed the essential functions of their positions in a more than satisfactory manner and satisfied all conditions precedent to payment in accordance with the established terms and conditions of their employment.

64. Plaintiffs, and, upon information and belief, other similarly situated individuals, worked six (6) days a week, more than ten (10) hours per day and did not receive overtime compensation for the hours worked in excess of forty (40) hours per week at the applicable statutory rate of one and one-half (1.5) times the regular rate of pay in violation of the FLSA and NYLL.

65. Despite working more than ten (10) hours per day, Plaintiffs, and, upon information and belief, other similarly situated individuals, were not compensated an additional hour's pay when they worked more than ten (10) hours in a day as required by 12 N.Y.C.R.R. § 142-2.4.

66. During Plaintiff's tenure, Defendants also failed to provide Plaintiffs with written notice of their wage rate, in accordance with the New York State Wage Theft Prevention Act, NYLL § 195.

## COLLECTIVE ACTION ALLEGATIONS

67. Plaintiffs repeat and reallege each and every allegation contained herein.

68. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

69. This action is brought on behalf of Plaintiffs and a class consisting of similarly situated employees who work or have worked for Defendants.

70. At all times relevant herein, Plaintiffs and the other FLSA collective action Plaintiffs are and have been similarly situated have sustained similar job requirements and pay provisions, are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay at a rate of one and one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) hours per week.

71. Upon information and belief, there are current and former employees who are similarly situated to Plaintiffs, who have been underpaid in violation of the FLSA.  The named Plaintiffs are representative of those other workers and are acting on behalf of Defendants' current and former employees' interests, as well as their own interest in bringing this action.

72. Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all similarly situated persons who work or have worked for Defendants at any time during the six (6) years prior to the filing of their respective consent forms.

73. Plaintiffs and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants common policies and/or plans to violate the FLSA by failing to provide overtime wages, at the rate of one and one-half (1.5) times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

## FEDERAL RULES OF CIVIL PROCEDURE RULE 23

## CLASS ACTION ALLEGATIONS

74. Plaintiffs repeat and reallege each and every allegation contained herein.

75. Plaintiffs also bring their NYLL claims on behalf of themselves and a class of person under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23 Class") comprised of all persons who work or have worked for Defendants in the State of New York at any time from the six (6) years prior to the filing of this Complaint to the entry of judgment in this case.

76. The persons in the Rule 23 Class are so numerous that joinder of all members is impracticable.

77. The persons in the Rule 23 Class are readily ascertainable.  The names and addresses of such persons are readily available from Defendants for purposes of notice and any other purpose related to this action.

78. Defendants have acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

79. The questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class include, but are not limited to:

    a) Whether Plaintiffs and the Rule 23 Class are non-exempt from entitlement to overtime compensation for all hours worked in excess of forty (40) hours per week;

b) What policies, practices and procedures Defendants implemented regarding payment of overtime compensation, spread of hours, and breaks and meal periods;

c) Whether Defendants failed to pay Plaintiffs and the Rule 23 Class overtime compensation for all hours worked in excess of forty (40) hours per week within the meaning of the NYLL Article 19 § 650 et seq. and the supporting NYDOL Regs., 12 N.Y.C.R.R. Part 142;

d) Whether Defendants failed to pay Plaintiffs and the Rule 23 Class spread of hours pay by failing to pay an additional hour's pay when they worked more than ten (10) hours in a day, as provided by 12 N.Y.C.R.R. sect. 142-2.4;

e) Whether Defendants failed to provide Plaintiffs and the Rule 23 Class breaks and meal periods in violation of NYLL sect. 162(4);

f) Whether Defendants wrongfully interfered with the rights of Plaintiffs and the Rule 23 Class to immediate possession of earned wages and, thus, engaged in unlawful conversion of their compensation;

g) The nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the Class; and

h) Whether Defendants failure to pay Plaintiffs and the Rule 23 overtime compensation for all hours worked in excess of forty (40) hours per week, spread of hours pay was done willfully or with reckless disregard for the applicable federal and state wage and hours laws, and whether Defendants' failure to afford proper meal and break period was done willfully or with reckless disregard for the applicable federal and state wage and hours laws.

12

80. Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the Rule 23 Class work, or have worked, for Defendants in non-exempt positions and have had their rights to immediate possession to their wages wrongfully interfered with by Defendants, have not been paid overtime compensation or spread of hours pay, have not been afforded proper breaks and meal periods. Defendants have acted and have refused to act on grounds generally applicable to the rule 23 class, thereby making declaratory relief with respect to the Rule 23 class appropriate.

81. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of wrongful conversion of earned compensation, failing to pay overtime compensation, failing to provide spread of hours pay and failing to afford proper break and meal periods.

82. Plaintiffs will fairly and adequately represent and protect the interest of the Rule 23 Class.

83. Plaintiffs have retained counsel competent and experienced in both complex class actions and in labor and employment litigation.

84. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the necessary duplication

of efforts and expense that numerous individual actions beget. The adjudication of individual claims would result in a great expenditure of Court and public resources; conversely, treating the claims would result in significant costs savings. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' policies, practices and procedures. Although the relative damages suffered by the individual member of the Rule 23 Class are not *de minimus*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

85. Current employees are often hesitant to assert their rights out of fear of direct or indirect retaliation. Former employees are reluctant to bring claims because doing so can harm their present and future employment and further efforts to obtain employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing risks.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime – FLSA Violation)

86. Plaintiffs repeat and reallege each and every allegation contained herein.

87. Defendants are employers, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

88. Plaintiffs, and those individuals similarly situated, are employees, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

89. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

90. Plaintiffs, and upon information and belief, those individuals similarly situated, worked in excess of forty (40) hours per week.

91. Plaintiffs, and upon information and belief, those individuals similarly situated, did not receive overtime compensation at the rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

92. Consequently, by failing to pay overtime compensation, Defendants violated the governing provisions of the FLSA.

93. Upon information and belief, Defendants' failure to pay overtime compensation was willful.

94. By the foregoing reasons, Defendants are liable to Plaintiffs, and those similarly situated, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime – New York Labor Law Violation)

95. Plaintiffs repeat and re-allege each and every allegation contained herein.

96. Defendants are employers, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

97. Plaintiffs, and those similarly situated, are employees within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting NYDOL Regs.

98. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

99. NYLL Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

100.    Plaintiffs, and, upon information and belief, those individuals similarly situated, worked in excess of forty (40) hours per week.

101.    Plaintiffs, and, upon information and belief, those individuals similarly situated, did not receive overtime compensation at a rate of one and one-half (1.5)  times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

102.    Consequently, by failing to pay to overtime compensation, Defendants violated NYLL Article 19 § 663 and 12 NYCRR § 142-2.2.

103.    Upon information and belief, Defendants' failure to pay overtime compensation was willful.

104.    By the foregoing reasons, Defendants violated NYLL Article 19 § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiffs, and those similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### THIRD CLAIM FOR RELIEF
**(Failure to Pay Spread of Hours Pay – New York Labor Law Violation)**

105.     Plaintiff repeats and re-alleges each and every allegation contained herein.

106.     Defendants are employers, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

107.     Plaintiffs, and those individuals similarly situated, are employees within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting NYDOL Regs.

108.     12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]."

109.     Upon information and belief, Defendants did not pay Plaintiffs, and those individuals similarly situated, an additional hour's pay when she worked more than ten (10) hours in a day.

110.     Plaintiffs, and upon information and belief, individuals similarly situated regularly worked in excess of ten (10) hours per day.

111.     Consequently, by failing to pay an additional hour's pay when Plaintiffs, and those individuals similarly situated, worked more than ten (10) hours in a day, Defendants violated 12 NYCRR § 142-2.4.

112.     By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and are liable to Plaintiffs, and those similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## FOURTH CLAIM FOR RELIEF
### (Failure to Provide Proper Meal Periods – New York Labor Law Violation)

113.      Plaintiffs repeat and reallege each and every allegation contained herein.

114.      Plaintiffs, and, upon information and belief, those individuals similarly situated, were employed in connection with Defendants' restaurants/pizzerias.

115.      Plaintiffs, and, upon information and belief, those individuals similarly situated, worked shifts of more than six (6) hours that extended over the noon day meal period. Additionally, Plaintiffs, and upon information and belief, those individuals similarly situated, began work prior to 11:00 a.m. and worked past 7:00 p.m.

116.      However, Defendants failed to provide Plaintiffs, and, upon information and belief, those individuals similarly situated, with at least two (2) separate meal periods, one between 11:00 a.m. and 2:00 p.m. and the second between 5:00 p.m. and 7:00 p.m., in violation of NYLL §§ 162(2) & (3).

117.      Upon information and belief, the New York Commissioner of Labor did not issue authority to Defendants to provide shorter meal periods, or no meal periods at all, to Plaintiffs pursuant to NYLL § 162(5).

118.      By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and are liable to Plaintiffs, and those individuals similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## FIFTH CLAIM FOR RELIEF
### (New York Wage Theft Prevention Act Violation)

119.      Plaintiffs repeat and reallege each and every allegation contained herein.

120.      The New York Wage Theft Prevention Act requires employers, each year, to "notify his or her employees, in writing, at the time of hiring of the rate of pay and of the

regular pay day designated by the employer in accordance with section one hundred ninety-one of this article, and obtain a written acknowledgement from each employee of receipt of this notice. Such acknowledgement shall conform to any requirements established by the commissioner with regard to content and form. For all employees who are eligible for overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

121.     Defendants did not provide Plaintiffs, and, upon information and belief, those individuals similarly situated, with a wage notice, as required by NYLL § 195.

122.     Plaintiffs, and, upon information and belief, those individuals similarly situated, did not sign an acknowledgment confirming receipt of said notice, as required by NYLL § 195.

123.     For the foregoing reasons, Defendants have violated NYLL § 195 and are liable to Plaintiffs, and those individuals similarly situated, in an amount to be determined at trial, plus interest, attorney's fees, and costs.

## SIXTH CLAIM FOR RELIEF
### (Failure to Maintain Records – New York Labor Law Violation)

124.     Plaintiffs repeat and reallege each and every allegation contained herein.

125.     NYLL §§ 195(4) and 661 require employers to establish, maintain and preserve, for not less than six (6) years, contemporaneous, true, and accurate payroll records for each employee, including (1) payroll records for each week worked the hours worked; (2) the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other basis; (3) gross wages; (4) deductions; (5) allowances,

if any, claimed by the minimum wage; and (6) net wages.  N.Y. Lab. Law §§ 195(4) & 661.

126.	NYLL §§ 195(4) and 661 requires employers payroll records to include the (1) regular hourly rate or rates of pay; (2) overtime rate or rates of pay; (3) number of regular hours worked; and (4) number of overtime hours worked. N.Y. Lab. Law §§ 195(4) & 661.

127.	Upon information and belief, Defendants failed to maintain true and accurate payroll records for Plaintiffs, and similarly situated individuals, for the applicable statutory period.

128.	By the foregoing reasons, Defendants have violated NYLL §§ 195(4) & 661 and are liable to Plaintiffs, and those individuals similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## SEVENTH CLAIM FOR RELIEF
### (Conversion)

129.	Plaintiffs repeat and reallege each and every allegation contained herein.

130.	Defendants failed to compensate Plaintiffs for wages earned during the course of their employment with Defendants.

131.	As a result, Defendants wrongfully interfered with rights of Plaintiff to immediate possession of the full amount of these wages.

132.	As a direct result of Defendants unlawful conversion of Plaintiffs' compensation and all to which they were (and are) entitled to immediate possession, Plaintiffs have suffered, and continue to suffer, substantial economic damages.

133.     Defendants' unlawful conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiffs, warranting an award of damages against Defendants.

### EIGHTH CLAIM FOR RELIEF
### (Unjust Enrichment and Quantum Meruit)
### (Plead in the Alternative)

134.     Plaintiffs repeat and reallege each and every allegation contained herein.

135.     Plaintiffs perform numerous and valuable services at the behest of and o behalf of Defendants.

136.     Plaintiffs are not paid for the reasonable value of those services.

137.     Defendants are unjustly enriched by withholding monies earned by and rightfully belonging to Plaintiffs.

138.     By reason of the forgoing, Defendants are liable to Plaintiffs in an amount to be determined at trial.

### VI.     DEMAND FOR JURY TRIAL

139.     Plaintiffs repeat and reallege each and every allegation contained herein.

140.     Plaintiffs hereby demand a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiffs, and those individuals similarly situated, respectfully request that this Court grant the following relief:

a) On the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action, an award of Plaintiffs' actual damages in an amount to be determined at trial plus interest;

b) On the Fifth Claim for Relief, an award up to $2,500.00; the maximum penalty for violations NYLL § 195;

c) Order Defendants pay Plaintiffs a reasonable sum for expenses pursuant to the NYLL §§ 198, 663;

d) Declare Defendants violated the FLSA and NYLL;

e) An award of liquidated damages where allowed by statute;

f) Defendants be ordered to pay Plaintiffs pre and post judgment interest;

g) Order Defendants to pay all costs and disbursements of this action, including Plaintiff's attorneys' fees; and

h) Order such other and further relief as may be just and proper.

Dated: Bohemia, New York
December 11, 2014

ZABELL & ASSOCIATES, PC
*Attorneys for Plaintiffs*

By: _____

Saul D. Zabell, Esq.
ZABELL & ASSOCIATES, P.C.
1 Corporate Drive, Suite 103
Bohemia, NY 11716
Tel. (631) 589-7242
Fax (631) 563-7475
SZabell@laborlawsny.com