UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
GERSON PEREZ, AUGUSTINE HERNANDEZ,
ALFREDO HERNANDEZ, JOSE HERNANDEZ,
RAFAEL GUTIERREZ and FREDDIE
GUTIERREZ,

                                 Plaintiffs,

       -against-

DE DOMENICO PIZZA & RESTAURANT, INC.,
JOSEPH DE DOMINICO, DOMINIC DE
DOMENICO, JERRY "DOE" and LARRY "DOE",

                              Defendants.
--------------------------------------------------------------X

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  SEP 0 6 2016  ★

**LONG ISLAND OFFICE**

MEMORANDUM AND ORDER

14-CV-7236

(Wexler, J.)

APPEARANCES:

      ZABELL & ASSOCIATES, P.C.
      BY: Saul D. Zabell, Esq.
      1 Corporate Drive, Suite 103
      Bohemia, New York 11716
      Attorneys for Plaintiffs

      ALAN B. PEARL & ASSOCIATES, P.C.
      BY: Brian J. Shenker, Esq.
      6800 Jericho Turnpike, Suite 218E
      Syosset, New York 11791
      Attorneys for Defendants

WEXLER, District Judge:

      Plaintiffs commenced this action against defendants seeking unpaid wages, spread of

hours pay, and other damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§

201, *et seq.,* and New York Labor Law ("NYLL") §§ 190 *et seq.* On June 7, 2016, Magistrate

Judge Arlene R. Lindsay issued an order granting plaintiffs' motion for conditional certification

and directing issuance of a notice to potential class members. *See* Order of 6/7/16 (the "Order"),

Docket Entry ("DE") [66]. Presently before the Court are defendants' limited objections to the Order. Appeal, DE [69]. Specifically, defendants object to the granting of notice to employees for a period of six years prior to the filing of the complaint.

## DISCUSSION

Under Rule 72(a) of the Federal Rules of Civil Procedure, a district court judge may modify or set aside an order of a magistrate judge if that order is "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); *see also* 28 U.S.C. § 636 (b)(1)(A) (a court may reconsider any pretrial matter decided by the magistrate judge when that order is "clearly erroneous or contrary to law."). A "magistrate judge's findings should not be rejected merely because the court would have decided the matter differently." *Bachayeva v. Americare Certified Special Serv., Inc.*, No. 12-CV-1466, 2013 WL 4495672, at *1 (E.D.N.Y. Aug. 20, 2013).

The statute of limitations period for claims of unpaid wages or unpaid overtime compensation under the FLSA is two years from the date the claim accrued, or three years from the accrual date if the violation of the Act was willful. 29 U.S.C. § 255(a). The statute of limitations under NYLL, however, is six years. N.Y. LAB. LAW. § 663 (3). Magistrate Judge Lindsay found that since plaintiffs in this case assert claims under both the FLSA and NYLL, it was appropriate to provide notice to all potential plaintiffs and ordered that notice be provided for a six-year time period. Defendants ask this Court to overrule that finding and impose a three-year notice period.

As a threshold matter, the Court notes that this case raises, yet again, the fundamental conflict between the FLSA and the NYLL and the difficulties imposed in simultaneously litigating claims under both statutes. For example, conditional certification of a collective action

under the FLSA is typically granted toward the beginning of discovery and plaintiff's burden is minimal. *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (conditional certification requires only a "modest factual showing" and is a "low standard of proof because the purpose of this first stage is merely to determine whether similarly situated plaintiffs do in fact exist" (internal quotation and citation omitted)). On the other hand, to proceed on a class basis for the state law claim under the NYLL, plaintiffs must meet the more rigorous requirements set forth in Rule 23 of the Federal Rules of Civil Procedure. To further complicate matters, since Rule 23 motions typically come at the close of discovery, it is not unusual for a defendant to not only oppose plaintiff's Rule 23 class certification motion, but also to cross-move to de-certify the FLSA collective action. *See, e.g., Perez v. Allstate Ins. Co.*, No. 11CV1812, 2014 WL 4635745, at *1 (E.D.N.Y. Sept. 16, 2014); *Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 27 F. Supp. 3d 313 (E.D.N.Y. 2014).

Moreover, there are fundamental differences in both the scope of the two potential plaintiff classes and the procedures for those plaintiffs to join the litigation. Under the FLSA, the maximum statute of limitations is three years, while the NYLL statue of limitations is six years. Procedurally, the FLSA provides that putative plaintiffs are not included in the collective action unless or until they opt-*in* to the collective by affirmatively consenting to join. 29 U.S.C. §216(b). To the contrary, when or if a Rule 23 class action is certified, all putative plaintiffs are included in the class unless they affirmatively opt-*out* of the class. FED. R. CIV. P. 23 (c)(2)(B)(v).

Plaintiffs' state law claims are before the Court upon its exercise of supplemental jurisdiction under 28 U.S.C. §1367. In light of the fundamental conflicts created by the

simultaneous litigation of claims under the FLSA and the NYLL, and the substantial burdens imposed upon the courts, it is apparent to this Court that a strong case can be made for declining to exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367(c). The Court is constrained from doing so, however, by the current law in this Circuit. *See Shahriar v. Smith & Wollensky Restaurant Grp., Inc.,* 659 F.3d 234 (2d Cir. 2011). While this Court disagrees with the *Shahriar* decision, it is bound by it and thus will continue to exercise supplemental jurisdiction over the NYLL claims.

Turning to the issue on appeal, defendant contest the scope of the notice period prescribed by the Order. Courts in this Circuit have approved notices for both the three-year and six-year periods. *Compare Trinidad v. Pret A Manger (USA) Ltd.,* 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013) (3-year notice period) *with Cohan v. Columbia Sussex Mgmt., LLC,* No. 12-CV-3203, 2016 WL 1045532, at *1 (E.D.N.Y. Mar. 15, 2016) (6-year notice period). There does not appear to be any Second Circuit case determining the issue.

In the absence of direction from the Second Circuit, the Court finds the reasoning supporting use of the three-year notice period to be more persuasive. The purpose of the FLSA conditional certification motion and notice is to "notify and inform those eligible to opt in to the collective action." *McBeth v. Gabrielli Truck Sales, Ltd.,* 768 F. Supp. 2d 396, 400 (E.D.N.Y. 2011) (internal quotation and citation omitted). As to potential plaintiffs who are time-barred from relief under the FLSA, there is "no purpose in sending such employees a notice informing them that (1) there is a pending opt-in lawsuit, (2) they may not opt in, and (3) they may later receive another notice should their status change due to class certification." *Lujan v. Cabana Mgmt., Inc.,* No. 10-CV-755, 2011 WL 317984, at *9 (E.D.N.Y. Feb. 1, 2011). The claims brought under the FLSA and the NYLL are distinct, and only the FLSA collective has been

-4-

conditionally certified to date.  Providing notice to potential plaintiffs who only have NYLL claims is premature in the absence of Rule 23 class certification.  Should plaintiffs successfully move for Rule 23 class certification at some future time, a second notice will issue.  The Court is confident that counsel will be capable, in that instance, of crafting a Rule 23 notice that will limit potential confusion.

## CONCLUSION

For the foregoing reasons, plaintiffs' objections to the June 6, 2016 Order of Arlene R. Lindsay are sustained.  The Order is reversed as to the notice period only.

SO ORDERED.

s/ Leonard D.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
September 6, 2016

-5-